

SHAWN N. ANDERSON
United States Attorney
Districts of Guam and the NMI
ROSETTA L. SAN NICOLAS
Assistant United States Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7215

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 22-00004 |
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| TIMOTHY JEROME CONCEPCION, | |
| Defendant. | |

Plaintiff, United States of America, by and through Shawn N. Anderson, United States Attorney for the Districts of Guam and the Northern Mariana Islands ("NMI"), and Rosetta L. San Nicolas, Assistant United States Attorney for the Districts of Guam and the NMI, and Defendant TIMOTHY JEROME CONCEPCION and the Defendant's counsel, Louie J. Yanza, agree to the following Plea Agreement:

1. <u>Guilty Plea and Maximum Statutory Penalties</u>:

The Defendant, TIMOTHY JEROME CONCEPCION, agrees to plead guilty to Counts One and Three of the Indictment filed on April 13, 2022, charging the Defendant with Conspiracy to Distribute Fifty or More Grams of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) and 846 and 18 U.S.C. § 2, and Using and Carrying a Firearm During a Drug

PLEA AGREEMENT - 1

Trafficking Crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2.

The Defendant, TIMOTHY JEROME CONCEPCION, understands that Conspiracy to Distribute Fifty or More Grams of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) and 846 and 18 U.S.C. § 2, as contained in Count One of the Indictment is a Class A felony which carries a mandatory penalty of not less than 10 years or more than life imprisonment; a fine not to exceed $10,000,000.00; at least a 5-year term of supervised release; and a $100.00 special penalty assessment.

The Defendant, TIMOTHY JEROME CONCEPCION, understands that Using and Carrying a Firearm During a Drug Trafficking Crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2, as contained in Count Three of the Indictment is a Class A felony which carries a maximum penalty of life imprisonment, and a mandatory minimum term of imprisonment of not less than five years to be served consecutively to any punishment for the underlying drug trafficking crime, a $250,000.00 fine, a supervised release term of not more than five-years, and a $100.00 special assessment. In addition to these maximum penalties, any violation of a supervised release order could lead to an additional term of up to five years imprisonment, pursuant to 18 U.S.C. § 3583(e)(3).

Defendant agrees to pay the special assessments at or before sentencing.

The Defendant, TIMOTHY JEROME CONCEPCION, understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2. <u>The Court's Role in Plea and Sentencing Procedure:</u>

The Court is not a party to this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to

accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

The Defendant also understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

The Defendant understands that the Court shall accept the Defendant's unconditional guilty plea as long as it meets the requirements of Fed. R. Crim. P. 11(b). The Court will therefore conduct a limited inquiry to determine whether the Defendant's plea is knowing, voluntary and intelligent, and has a sufficient factual basis.

3. <u>Waiver of Constitutional Rights</u>:

The Defendant, TIMOTHY JEROME CONCEPCION, understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

(a) The right to a jury trial, and to be represented at trial and every other stage of the proceedings;

(b) The right at trial to see, hear and question and cross-examine the adverse witnesses;

(c) The right to remain silent at trial with such silence not being used against the defendant in any way;

(d) The right to testify at trial and present evidence;

(e) The right to compel witnesses to testify; and

(f) The right to plead not guilty and to persist with that plea.

While the Defendant is waiving certain constitutional rights, the Defendant understands that he retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

4. <u>Elements of the Offense</u>:

The United States and the Defendant agree that in order to convict the Defendant of Conspiracy to Distribute Fifty or More Grams of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii) and 18 U.S.C. § 2, the United States would have to prove beyond a reasonable doubt the following elements:

(a) First, beginning on or about March 29, 2022, and continuing until on or about April 4, 2022, there was an agreement between two or more persons to distribute methamphetamine; and

(b) Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

The United States and the Defendant agree that in order to convict the Defendant of Using and Carrying Firearms During a Drug Trafficking Crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2, the United States must prove each of the following elements beyond a reasonable doubt:

(a) First: The defendant committed the crime of Conspiracy to Distribute Fifty or More Grams of Methamphetamine, which is a drug trafficking crime; and

(b) Second: the defendant knowingly used and carried firearms: One (1) Colt pistol, .380 caliber, obliterated Serial Number, and One (1) Rossi revolver, .357 Caliber, Serial Number

F413431, during and in relation to that crime.

5. <u>Factual Basis and Statement of Facts</u>:

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for TIMOTHY JEROME CONCEPCION's guilty plea.

The Defendant was born on 1999 and is a citizen of the United States.

On or about April 4, 2022, in the District of Guam, Guam Police Department ("GPD") Officers conducted laser traffic enforcement in Asan and pulled over a Nissan Frontier, GLP #ME3066, driving 62 miles per hour in a 35 mile per hour zone. The driver of the Nissan, TIMOTHY JEROME CONCEPCION ("CONCEPCION"), rolled down his window. Officer Pewtress smelled a strong odor of marijuana emitting from the vehicle and noted that CONCEPCION was visibly nervous. Officer Pewtress identified CONCEPCION's passengers to be Isabella Marie Cepeda and a 14-year-old minor T.J.Q.

Officer Pewtress asked CONCEPCION to step out of the vehicle. CONCEPCION stepped out of the Nissan. Officer Pewtress then saw a firearm, a Rossi revolver, .357 caliber, Serial Number F413431, in CONCEPCION's driver side door panel. A second firearm, a Colt pistol .380 caliber, with an obliterated Serial Number, was located between the passenger seat and the center console. A search of the Nissan Frontier revealed 14 clear baggies containing a white crystalline substance, an electronic scale and a blue glass pipe. The white crystalline substance was subjected to a field test resulting in a presumptive positive for methamphetamine. CONCEPCION then stated "the dope is mine but I don't know about the guns." CONCEPCION also stated "It's not her dope. It's mine. I use it." CONCEPCION also possessed $1,900 and an additional $665 in cash. The methamphetamine, a Schedule II controlled substance, weighed

PLEA AGREEMENT - 5

390.8 net grams of methamphetamine hydrochloride with a purity level of 64%.

Investigation revealed that between on or about March 29, 2022, through April 4, 2022, CONCEPCION had his co-conspirators rent two hotel rooms (#1907 and #1016) at the Dusit Thani Guam Resort. CONCEPCION used one room to conduct drug sales with customers and to smoke/ingest the drug. The other room was for CONCEPCION and Isabella Maria Cepeda's privacy. CONCEPCION obtained the methamphetamine from other persons and gave Alejandro Gagarin a/k/a "Alex" the methamphetamine for their customers. Alejandro Gagarin a/k/a "Alex" met customers in the lobby of the Dusit Thani Resort Hotel, escorted the customers up to the hotel room, gave the customers the methamphetamine, and received money from customers to pay for the methamphetamine. The customers would receive the drug in the hotel room, or stay in the room and smoke the drug with CONCEPCION. Alejandro Gagarin a/k/a "Alex" then gave the proceeds from the sale of the methamphetamine to CONCEPCION.

During the distribution of the methamphetamine, CONCEPCION knowingly used and carried the firearms, the Rossi revolver, .357 caliber, Serial Number F413431 and the Colt pistol .380 caliber with an obliterated Serial Number, during and in relation to the drug trafficking crime, conspiracy to distribute fifty or more grams of methamphetamine. CONCEPCION knowingly possessed the firearms, and held, moved, conveyed, or transported those firearms in some manner on his person or in a vehicle. CONCEPCION also possessed sixty-two rounds of assorted ammunition.

CONCEPCION's co-conspirators Isabella Maria Cepeda a/k/a "Bella" and Alejandro Gagarin a/k/a "Alex" both observed CONCEPCION using and carrying the firearms during the drug transactions and heard CONCEPCION state that the firearms were for his protection during the drug transactions.

Investigation revealed that in March, April and June of 2021, CONCEPCION had his co-

PLEA AGREEMENT - 6

conspirators Jacob Vance Manibusan a/k/a "Kadi," Alejandro Gagarin a/k/a "Alex" and Isabella Marie Cepeda a/k/a "Bella" rent rooms in their names at local hotels in order to conduct the distribution of methamphetamine. CONCEPCION paid for the hotel rooms. Examination of cellular phones reveal that CONCEPCION communicated instructions to Alejandro Gagarin a/k/a "Alex" and Isabella Marie Cepeda using cellular phones, text and push to talk messages, and through the Whatsapp application.

Beginning on or about March 29, 2022 and continuing until on or about April 4, 2022, there was an agreement between CONCEPCION, Isabella Marie Cepeda a/k/a "Bella", Alejandro Gagarin a/k/a "Alex", Jacob Manibusan a/k/a "Kadi" and other unknown persons to distribute methamphetamine. CONCEPCION joined in the agreement knowing of its purpose and intending to help accomplish that purpose. During the conspiracy to distribute more than fifty grams of methamphetamine, CONCEPCION knowingly used and carried firearms, that is one Colt pistol, .380 caliber, with an obliterated Serial Number, and one (1) Rossi revolver, .357 Caliber, Serial Number F413431, during and in relation to the drug trafficking crime.

This statement of facts is made for the limited purpose of supporting the Defendant's guilty plea. It therefore does not contain all facts relating to the underlying criminal conduct. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

6. <u>Waiver of Inadmissibility of Statements</u>:

The Defendant agrees to waive the inadmissibility of statements made in the course of plea discussions with the United States, pursuant to Fed. R. Crim. P. 11(f). This waiver shall apply if the Defendant withdraws this guilty plea or breaches this Plea Agreement. The Defendant acknowledges that any statements made by the Defendant to law enforcement agents in the course

PLEA AGREEMENT - 7
Case 1:22-cr-00004   Document 38   Filed 07/05/22   Page 7 of 20

of plea discussions in this case would be admissible against the Defendant in the United States's case-in-chief if the Defendant were to withdraw or breach this Plea Agreement.

7. The United States Agrees:

    (a) Dismissal

At the time of sentencing, the United States agrees to move to dismiss Count 2 of the Indictment which charges the Defendant with Drug User in Possession of Firearms and Ammunition, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2).

    (b) Not to File Additional Charges:

The United States Attorney's Office for the Districts of Guam and the NMI agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in this Indictment, unless the Defendant breaches this Plea Agreement any time before or after sentencing.

8. United States Sentencing Guideline Calculations:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing. In determining a sentence, the Court is obligated to consider that range, possible departures or variances under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a).

    (a) Base Offense Level:

The United States and the Defendant agree that the base offense level for Conspiracy to Distribute Fifty or More Grams of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii) is Level **28**. *See* U.S.S.G. §2D1.1(a)(5)(c)(6). The United States and the Defendant agree that the base offense level for Using and Carrying Firearms During a Drug Trafficking

Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) is the minimum term of imprisonment required by statute, that is a maximum penalty of life imprisonment, and a mandatory minimum term of imprisonment of not less than five years to be served consecutively to any punishment for the underlying drug trafficking crime. See U.S.S.G. §2K2.4(b).

9. <u>Acceptance of Responsibility</u>:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and enters a plea of guilty no later than **May 31, 2022**, the United States will move for a three (3) level downward adjustment to the Conspiracy to Distribute Fifty or More Grams of Methamphetamine offense level for the Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. §3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

Furthermore, the Defendant agrees to pay the $200 mandatory special penalty assessment to the Clerk of Court for the District of Guam, at or before sentencing, and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment, as a condition to this recommendation by the United States.

Therefore, the United States and the Defendant agree that the Defendant's final adjusted offense level for Conspiracy to Distribute Fifty or More Grams of Methamphetamine would be **25**. The penalty for the offense of Using and Carrying Firearms During a Drug Trafficking Crime

PLEA AGREEMENT - 9

would run consecutive to this offense.

10. Criminal History:

The United States and the Defendant understand that the Defendant's criminal history computation is tentative and that ultimately the Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report. The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigative Report is completed.

11. Departures:

The Defendant and the United States understand and acknowledge that, at sentencing, they are free to make whatever sentencing recommendations for whatever reasons they deem are appropriate. That is, the United States and the Defendant are free to seek an upward or a downward departure from the applicable sentencing guideline range.

12. Substantial Assistance

The United States also agrees to furnish the Defendant an opportunity to provide "substantial assistance," that is, information and assistance in the investigation and prosecution of others. The Defendant agrees to meet with federal and state law enforcement agents in an attempt to assist them in obtaining information that would form the basis of a motion for correction or reduction of sentence to be filed pursuant to U.S.S.G. §5K1.1. The Defendant understands that whether any such information amounts to substantial assistance is a determination left to the United States Attorney's Office.

  a. The Defendant must provide information and assistance in the federal or state investigation and prosecution of others who have the same as or greater involvement than the Defendant's involvement in violations of the law.

  b. The Defendant understands and agrees to participate in full debriefings by federal

and local investigative agencies about the Defendant's knowledge of illegal conduct, at times and places to be decided by these agencies. The Defendant agrees to provide complete, accurate, and truthful information during the debriefings. Such debriefings may involve the use of a polygraph, if requested by the agencies. It is understood that the Defendant may have an attorney present at the debriefings. The Defendant also agrees to participate in any future court proceeding involving any named or unnamed coconspirators and any other persons involved in criminal activity, by testifying completely and truthfully. Such court proceedings include grand jury proceedings, trials, and sentencing hearings.

  c. The Defendant agrees that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if the Defendant fails to provide truthful, complete and honest information during debriefings, testimony before the grand jury, or any court proceedings, or if the Defendant fails a polygraph examination. The determination whether the Defendant has failed a polygraph examination shall be made by the Court.

  d. The Defendant understands this agreement does not protect him from prosecution for perjury, obstruction of justice, or any other offense should the Defendant commit any crime during the Defendant's cooperation under this agreement.

  e. The Defendant understands further that if the United States determines that the Defendant has provided "substantial assistance" and a motion is made pursuant to U.S.S.G. § 5K1.1, the Court will be free to impose any sentence, even one below the applicable Guidelines sentencing range. If a "substantial assistance" motion is filed, both the United States and the Defendant will be free to make a specific recommendation with respect to any correction or reduction of sentence. It is understood that the United States will inform the sentencing judge about the timing and extent of the Defendant's cooperation.

PLEA AGREEMENT - 11

f. The Defendant understands that, if the United States files a motion indicating the Defendant has provided "substantial assistance," the appropriate reduction shall be determined by the Court for reasons including consideration of the following: (1) the Court's evaluation of the significance and usefulness of the Defendant's assistance, taking into consideration the United States' evaluation of the assistance rendered; (2) the truthfulness, completeness, and reliability of any information or testimony provided by the Defendant; (3) the nature and extent of the Defendant's assistance; (4) any injury suffered, or any danger or risk of injury to the Defendant or the Defendant's family resulting from the Defendant's assistance; and (5) the timeliness of the Defendant's assistance. *See* U.S.S.G. §5K1.1(a)(1)-(5).

13. Safety Valve:

The United States and the Defendant acknowledge that the Defendant may be eligible for the safety valve provisions of 18 U.S.C. § 3553(f) and U.S.S.G. §5C1.2 as it pertains to Count 1. If the Court finds that the Defendant meets the criteria set forth at 18 U.S.C. § 3553(f)(1)-(5), the Court shall impose a sentence in accordance with the applicable sentencing guidelines without regard to any statutory minimum sentence as to Count 1.

14. Incarceration:

(a) Length of Imprisonment:

The United States and the Defendant agree to recommend that for the Conspiracy to Distribute Fifty or More Grams of Methamphetamine count, the Court impose a sentence within the applicable sentencing guideline range. The United States and the Defendant agree to recommend that for the Using and Carrying a Firearm During a Drug Trafficking Crime, the Court will impose a five-year consecutive sentence.

(b) Bureau of Prison Recommendations:

The United States Attorney's Office for the Districts of Guam and the NMI acknowledges

PLEA AGREEMENT - 12

that the Defendant intends to request the Court to write a letter to the United States Bureau of Prisons recommending that the Defendant be allowed to serve the sentence at a specific institution. The Defendant understands that any decision concerning the Defendant's place of incarceration is within the exclusive province of the Bureau of Prisons.

15. <u>Criminal Fine</u>:

The United States and the Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

16. <u>Supervised Release</u>:

The United States and the Defendant agree to recommend that the Court impose a five-year term of supervised release to include the following special conditions, in addition to the standard conditions of supervised release: (1) that the Defendant participate and complete such drug testing and drug treatment programs as the Probation Officer directs; and (2) that the Defendant complete mental health evaluations and treatment, including taking medications prescribed by the treatment provider. The Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. The Defendant shall contribute to the cost of treatment according to the Defendant's ability. (3) that the Defendant's person, residence, office, vehicle, and belongings are subject to search at the direction of the Probation Officer. (4) that the Defendant provide financial information, provide copies of Federal income tax returns and allow credit checks, at the direction of the Probation Officer; (5) that the Defendant shall disclose all assets and liabilities to the Probation Officer and shall not transfer, sell, give away, or otherwise convey or secret any asset, without the advance approval of the Probation Officer; and (6) that the Defendant be prohibited from incurring any new debt, opening new lines of credit, or enter any financial contracts or obligations without the prior approval of the Probation Officer; (7) that the

Defendant participate and complete financial counseling and life skills programs at the direction of the Probation Officer;

17. <u>Restitution</u>:

The United States and the Defendant hereby stipulate and agree that, pursuant to 18 U.S.C. §§ 3663, 3663A and 3664, the Court should order restitution to Leonard F. Ventura (registered owner of the Rossi firearm) in the amount to be determined. Said restitution shall be paid in monthly installments within 2 years of the date this plea is entered.

18. <u>Mandatory Special Penalty Assessment</u>:

The Defendant agrees to pay the $200 mandatory special penalty assessment to the Clerk of Court for the District of Guam, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

19. <u>Payments While Incarcerated</u>:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

20. <u>Forfeiture</u>:

The Defendant agrees to forfeit, pursuant to 21 U.S.C. § 853, all interests in any drug-related asset that the Defendant currently owns, has previously owned or over which the Defendant currently, or has in the past, exercised control, directly or indirectly, and any property the Defendant has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense set forth in Count 1, including but not limited to the following specific property:

**U.S. CURRENCY**

Approximately $2,565.00 in U.S. Currency seized from the defendant on or about April 4,

2022.

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), Defendant agrees to forfeit all of his right, title, and interest in the following property:

**FIREARMS AND AMMUNITION**

    a. One (1) Colt pistol ("Colt"), .380 caliber, obliterated Serial Number;

    b. One (1) Rossi revolver ("Rossi"), .357 caliber, Serial Number F413431; and

    c. Sixty-Two (62) rounds of assorted ammunition.

(U.S. Currency, Colt, Rossi and sixty-two rounds of assorted ammunition, collectively referred to as "properties"). Defendant acknowledges that he used and carried Colt, Rossi and Sixty-Two (62) Rounds of Assorted Ammunition during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) and 2, as set forth in Count 3 of the Indictment.

Defendant warrants that he is the sole owner of all of the properties listed above, and agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, and disposal of property covered by this agreement.

The Defendant stipulates and agrees that the conduct described in the Factual Basis contained herein provides a basis for forfeiture of the above listed properties. Defendant further agrees to waive all interest in any such properties in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The Defendant agrees to consent to the entry of orders of forfeiture for such properties and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to the provisions of Fed. R. Crim. P. 32.2(b)(1), the United States and the Defendant agree to request that promptly after accepting this Plea Agreement, the Court make a determination that the government has established that the U.S. Currency constitutes proceeds traceable to, or

PLEA AGREEMENT - 15

property involved in, a violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(viii), that the Colt, Rossi and Sixty-Two (62) Rounds of Assorted Ammunition sixty-two rounds of ammunition constitute property that facilitated or were used to commit a violation of 18 U.S.C. § 924(c)(1)(A)(i) and 2, enter an order of forfeiture. Pursuant to Rule 32.2(b)(4), the Defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the Defendant at the time it is entered.

Defendant acknowledges that he understands that the forfeiture of properties is part of the sentence that will be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excess fine or punishment. Without limitation, Defendant understands and agrees that by virtue of his plea of guilty Defendant will waive any rights or cause of action that Defendant might otherwise have had to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related civil forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

The Defendant further agrees to take all steps as requested by the United States to pass clear title to forfeitable properties to the United States, and to testify truthfully in any judicial forfeiture proceeding. The Defendant acknowledges that all property covered by this agreement is subject to forfeiture as either property facilitating illegal conduct or proceeds involved in the illegal conduct giving rise to forfeiture.

The Defendant understands that the United States reserves the right to seek additional forfeiture, including but not limited to additional sums of money or property that are proceeds

PLEA AGREEMENT - 16
Case 1:22-cr-00004   Document 38   Filed 07/05/22   Page 16 of 20

traceable to, constitute, or are derived from proceeds traceable to a violation of the offense of conviction, of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(viii). Defendant understands that pursuant to Fed. R. Crim. P. 32.2(b)(2)(C) and Rule 32.2(e)(1), if the court cannot identify all of the specific properties subject to forfeiture, or calculate the amount of the money judgment, before sentencing, it may enter an order that describes the property in general terms.

The Defendant agrees that the United States shall, at its option, be entitled to the forfeiture of any property (substitute assets) of the Defendant up to the value of any money judgment. The court shall retain jurisdiction to settle any disputes arising from application of this clause. The Defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of Defendant's sentence.

The Defendant agrees to take all steps necessary to identify and locate all substitute assets and to transfer custody of such assets to the United States before the Defendant's sentencing. The Defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets. The Defendant further agrees that Fed. R. Crim. P. 11 and U.S.S.G. § 1B1.8 will not protect from forfeiture assets disclosed by the Defendant as part of his cooperation.

The Defendant agrees to take all steps necessary to assist the government in obtaining clear title to any substitute assets before the Defendant's sentencing. In addition to providing full and complete information about substitute assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. Forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture.

21. <u>Financial Disclosure Obligations</u>:

Defendant agrees to submit to the United States Attorney's Office for the Districts of Guam

PLEA AGREEMENT - 17
Case 1:22-cr-00004 Document 38 Filed 07/05/22 Page 17 of 20

and the NMI, within three weeks of the execution of this plea agreement, a complete, accurate and truthful financial statement and accompanying releases, in a form it provides and as it directs. Defendant agrees to disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. Defendant authorizes the United States Attorney's Office for the Districts of Guam and the NMI to obtain a credit report on him to evaluate his ability to satisfy any financial obligation imposed by the Court.

Defendant understands and agrees that any monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States, pursuant to 18 U.S.C. § 3613. Defendant understands that, by law, interest accrues on any remaining balance of the debt. Defendant agrees not to dissipate assets. If Defendant is financially unable to immediately pay any monetary penalties in full, Defendant agrees: (a) to cooperate with the United States Attorney's Office; (b) to provide updated financial statements upon request by the United States Attorney's Office and to keep the office advised about Defendant's current address; and (c) for his debt to be placed on the Treasury Offset Program and any tax refund/rebate offset program existing in his state of residency. Defendant understands that any funds captured by an offset program will be paid towards his monetary penalties, but does not relieve him of his obligation to pay the monetary penalties in full.

22. <u>Additional Violations of Law Can Void Plea Agreement</u>:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

23. <u>Appeal Rights</u>:

Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Defendant hereby expressly waives his right to appeal his conviction, including any restitution order. Defendant further expressly waives his right to file any post-conviction motion attacking his conviction, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

24. <u>Integration Clause</u>:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Districts of Guam and the NMI, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Districts of Guam and the NMI.

Shawn N. Anderson
United States Attorney

_____  7/5/2022
ROSETTA L. SAN NICOLAS    Date
Assistant U.S. Attorney

PLEA AGREEMENT - 19

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____ 7/1/2022
TIMOTHY JEROME CONCEPCION    Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____ 7/1/22
LOUIE J. YANZA    Date
Attorney for the Defendant

PLEA AGREEMENT - 20