SHAWN N. ANDERSON
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 22-00004 |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES' SENTENCING MEMORANDUM** |
| TIMOTHY JEROME CONCEPCION, | |
| Defendant. | |

COMES NOW, the United States of America ("Government"), by and through the undersigned Assistant U.S. Attorney Rosetta L. San Nicolas, and hereby files this Sentencing Memorandum. The Government recommends that the Court impose a sentence of ten (10) years for the offense of Conspiracy to Distribute Fifty or More Grams of Methamphetamine *consecutive* to the five (5) year term for Using and Carrying a Firearm During a Drug Trafficking Crime.

I.  **STATEMENT OF FACTS**

On April 4, 2022, a Guam Police Officer pulled the Defendant, Timothy Jerome Concepcion ("Defendant") over for speeding in Asan, Guam. Defendant had two passengers, a woman and a 14-year-old minor. As the Defendant got out of his car, the Officer saw a .357 caliber Rossi revolver in the driver's side door panel. A second firearm, a .380 caliber Colt pistol was found between the passenger seat and the center console. Further search revealed 14 clear baggies

which held 390.8 grams of methamphetamine hydrochloride with a 64% purity level, an electronic scale, and a blue glass pipe. Defendant stated "*the dope is mine, but I don't know about the guns.*" Defendant clarified "*It's not her dope. It's mine. I use it.*" Defendant also possessed approximately $2,565.00 in cash.

Investigation revealed that from on or about March 29, 2022 through April 4, 2022, the Defendant conducted the sales of methamphetamine out of Dusit Thani Guam Resort. Defendant rented two hotel rooms in his co-conspirators' names.

Defendant stayed in one hotel room with the methamphetamine hydrochloride. Defendant's co-conspirator met customers in the lobby area and escorted them to the hotel room. While in the hotel room, the customers paid the co-conspirator for the methamphetamine. The co-conspirator collected the money from the drug sales for the Defendant. Defendant's customers then smoked the drug in the hotel room, oftentimes with the Defendant.

During the drug trafficking, Defendant carried the firearms as well as sixty-two rounds of ammunition. Defendant kept the firearms either at his waist area or on a table while he conducted the drug transactions. Defendant informed his co-conspirators that the firearms were for his "protection" during the drug transactions.

The second hotel room was used by the Defendant, his girlfriend and a co-conspirator to smoke methamphetamine and rest. The 14-year-old minor also stayed in the room.

II. **PRESENTENCE INVESTIGATION REPORT**

The Government adopted the Draft Presentence Investigation Report (ECF No. 57) on December 23, 2022. ECF No. 58.

III. **SENTENCING CALCULATIONS**

The offense level for Conspiracy to Distribute Fifty or More Grams of Methamphetamine is 28. See U.S.S.G. § 2D1.1(a)(5)(c)(6). A reduction of -3 is applied for acceptance of

responsibility. *See* U.S.S.G. § 3E1.1(a) and (b). However, the statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence. In this case, the mandatory minimum term for this offense is not less than ten (10) years and the maximum term of imprisonment is life. 21 U.S.C. § 841(b)(1)(A)(viii).

The guideline sentence for the offense of Using and Carrying a Firearm During a Drug Trafficking Crime is the minimum term required by statute. The statutory sentence is to be not less than five years to be served consecutively to any punishment for the underlying drug trafficking crime. 18 U.S.C. § 924(c)(1)(A)(i).

Defendant's criminal history category is I.

The Government recommends that the Court impose a sentence of ten (10) years for the offense of Conspiracy to Distribute Fifty or More Grams of Methamphetamine ***consecutive*** to five (5) years for the offense of Using and Carrying a Firearm During a Drug Trafficking Crime.

**IV.    SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)**

In *United States v. Booker*, the Supreme Court excised the provisions that made the Guidelines mandatory, and thus "made the Guidelines effectively advisory." *United States v. Booker*, 125 S.Ct. 738, 756-57 (2005). As modified, the Sentencing Reform Act now "requires a sentencing court to consider Guideline ranges, see 18 U.S.C. § 3553(a)(4), but it permits the court to tailor the sentence in light of other statutory concerns as well, see § 3553(a)." *Id*. at 757. Further, "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Id*. at 767; *see* 18 U.S.C. § 3553(a)(4)(5). "[T]he Act nonetheless requires judges to impose sentences that reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deference, [and] protect the public...." *Booker*, 125 S.Ct. at 765; *see* 18 U.S.C. § 3553(a)(2). In *United States v. Zavala*, 443 F.3d 1165

(9th Cir. 2006), the Ninth Circuit reiterated that the Guidelines are the starting point for a district court in determining a reasonable sentence. *Id.* at 1169. A district court, however, must not accord more weight to the Guidelines than the other Section 3553(a) factors. *Id*. at 1171.

The Government addresses each of the Section 3553(a) factors as follows:

1. <u>Nature and circumstances of the offense and the history and characteristics of the defendant</u>:

Defendant is involved a conspiracy to distribute methamphetamine hydrochloride. The distribution of the drug occurred in a populated resort. Notably, a 14-year-old minor was housed in the same hotel room that the Defendant and his co-conspirators used to smoke methamphetamine. The nature and circumstances of this offense placed individuals and members of the community at risk.

2. <u>Need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense</u>:

A sentence, which imposes the ten-year mandatory minimum and the consecutive five-year term will impress on the Defendant the seriousness of the offense and promote respect for the law.

3. <u>Need for sentence imposed to afford adequate deterrence to criminal conduct</u>:

Defendant has taken part in the distribution of a significant amount of methamphetamine into the community. While doing so, he used firearms (one of which was obliterated) to protect his drug sales. A sentence of a ten-year mandatory minimum followed by the consecutive five-year term will deter the Defendant from committing additional crimes of this nature. It is important to impose a sentence that will deter and discourage others from engaging in the armed distribution of methamphetamine.

4. <u>Need for sentence imposed to protect the public from further crimes of the Defendant:</u>

The government believes that the proposed sentence will protect the public from further

crimes committed by the Defendant.

5. <u>Need for sentence imposed to provide defendant with needed educational or vocational training, medical care, or other correctional treatment in most effective manner:</u>

A sentence of a ten-year mandatory minimum followed by the consecutive five-year term will provide the Defendant with the opportunity to obtain vocational, medical, or similar correctional treatment. While the Defendant has attained a high school diploma from Southern High School, he can nevertheless avail himself of correctional treatment that the Bureau of Prisons can provide. It is recommended that he receive substance abuse treatment at the Bureau of Prisons to address what the Defendant admits is a habit that has taken "control" over him.

6. <u>The kinds of sentences available:</u>

The sentence range is for a Class A felony.

7. <u>The kinds of sentence and the sentence range established under the Guidelines:</u>

A sentence of a ten-year mandatory minimum followed by the consecutive five-year term is fair and reasonable given the Defendant's relevant conduct.

8. <u>Any pertinent policy statements issued by the Sentencing Commission:</u>

There are no pertinent policy statements in this case.

9. <u>The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct:</u>

A sentence of a ten-year mandatory minimum followed by the consecutive five-year term is consistent with that applicable to similarly situated defendants and will therefore not create disparities among defendants convicted of similar crimes.

10. <u>Need to provide restitution to any victims of the offense:</u>

Not applicable.

//

U.S. SENTENCING MEMORANDUM 5

Case 1:22-cr-00004   Document 62   Filed 01/27/23   Page 5 of 6

## V. CONCLUSION

For the foregoing reasons, the Defendant should be sentenced to a term of imprisonment of ten-years, the mandatory minimum followed by the consecutive five-year term. The Government submits that such a sentence is appropriate and reasonable given the applicable Guideline range and the factors set forth in 18 U.S.C. § 3553(a).

RESPECTFULLY SUBMITTED this 27th day of January, 2023.

SHAWN N. ANDERSON
United States Attorney
Districts of Guam and the NMI

By: */s/ Rosetta L. San Nicolas*
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney